IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHAMAUL "RENEGADE" MORRIS,

Petitioner,

v.   CIVIL ACTION NO. 1:05CV26

DOMINIC A. GUTIERREZ, Warden,

Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On February 7, 2005, the *pro se* petitioner, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have this Court vacate his conviction and release him from custody. This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was convicted in the United States District court for the Southern District of Ohio of violating 21 U.S.C. §841 and 846, and 18 U.S.C. §924(c)(1). On January 27, 1996, he was sentenced to 147 months imprisonment. The petitioner is currently serving his sentence at FCI-Morgantown, Morgantown, West Virginia, in the Northern District of West Virginia.

On appeal, the petitioner challenged the enhancements he received.[1] His conviction and sentence were affirmed by the Sixth Circuit Court of Appeals. See United States v. Morris, 166 F.

---

[1] According to the petitioner, his sentence was enhanced pursuant to U.S.S.G. §1B1.3 "Relevant Conduct" and U.S.S.G. §3B1.1 "Role in the Offense."

3d 1216 (6th Cir. 1998). Thereafter, the petitioner filed a motion pursuant to 28 U.S.C. §2255 in which he alleged he was provided ineffective assistance of counsel. His motion was denied. Now the petitioner seeks relief under 28 U.S.C. §2241.

In his petition, the petitioner challenges his sentence pursuant to <u>Booker v. United States</u>, ___U.S.___, 125 S.Ct. 738, 756 (2004).[2] Specifically, the petitioner raises the following grounds:

1. Sentencing enhancements, as applied, violated petitioner's Sixth Amendment rights insofar as they permit a judge to find facts that determine a defendant's sentencing range.

2. Petitioner's Fifth Amendment right to due process was violated when such rights failed to protect the accused against conviction except upon proof beyond a reasonable doubt, of every fact, necessary to constitute the crime for which he is currently incarcerated.

3. A constitutional error has occurred in the petitioner's sentencing hearing has resulted in the conviction of one who is actually innocent, and failure to acknowledge such violation would result in a fundamental miscarriage of justice.

As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied.

### III. <u>ANALYSIS</u>

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. <u>Compare</u> 28 U.S.C. §2242 (§2241 application

---

[2] In <u>Booker</u> the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded as follows:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

The petitioner believes that he can challenge his conviction via a §2241 petition because he can not file a second or successive §2255 motion, and, therefore, §2255 is an inadequate or ineffective remedy, and because he is actually innocent of the sentence imposed.[3] However, contrary to the petitioner's assertions, the inability to file a second or successive §2255 motion does not render that remedy inadequate or ineffective. See In re Vial, 115 F. 3d at 1194 n.5 (§2255 in not

---

[3]Section 2255 requires that a second or successive motion be certified by a panel of the appropriate court of appeals as containing either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255.

3

ineffective "because an individual is procedurally barred from filing a § 2255 motion").

Further, there is nothing in the petitioner's §2241 petition which establishes that he meets the Jones requirements. The law has not changed so that his conduct is no longer criminal Thus, the petitioner clearly does not meet the second prong of Jones. Further, the Booker decision is a new rule of constitutional law. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004)(Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004) is a new rule of constitutional law which does not apply retroactively to cases on collateral review). Thus, the petitioner can not meet the third prong of Jones, supra.

Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner.

DATED: March 22, 2005

                                                    JOHN S. KAULL
                                               UNITED STATES MAGISTRATE JUDGE