IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHAMAUL "RENEGADE" MORRIS,

    Petitioner,

v.                                    Civil Action No. 1:05CV26
                                                (STAMP)
DOMINIC A. GUTIERREZ, Warden,

    Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

Pro se petitioner, Joshamaul "Renegade" Morris, was convicted in the United States District Court for the Southern District of Ohio of violating 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 924(c)(1) and was sentenced to 147 months imprisonment. His conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit. Thereafter, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The United States District Court for the Southern District of Ohio denied his application. Subsequently, the petitioner filed an application in this Court for a writ habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005).

The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant

to Local Rule of Prisoner Litigation Procedure 83.09. Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2241 application be denied and dismissed with prejudice. The petitioner filed objections styled as "Petitioner's Response to the 'Report and Recommendation.'"

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5

(citing <u>Tripati v. Henman,</u> 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by <u>Jones</u>. Specifically, 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 924(c)(1), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Additionally, the petitioner's reliance on <u>Booker</u> is unavailing because <u>Booker</u> established a new rule of <u>constitutional</u> law. The third prong of the <u>Jones</u> test explicitly provides that the new rule relied upon by the petitioner must not be one of constitutional law. The petitioner objects that he is innocent and is being held in violation of his constitutional rights. These objections cannot save petitioner's § 2241 application from dismissal because the petitioner has not satisfied the <u>Jones</u> test.

3

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 23, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE